**Thomas Verne ATKINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48652, 48653.**

Court of Criminal Appeals of Texas.

June 26, 1974.

Emmett Calvin, Jr., and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Wm. L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

Appellant's convictions in Cause No. 48,-652 and Cause No. 48,653 are for rape; the punishment, imprisonment for twenty-five years in each cause.

Both cases were tried together, and in each one appellant asserts that the trial court committed error in overruling his objection to the in-court identification of appellant by the prosecutrix because there was an impermissibly suggestive photographic display prior to trial.

Prior to the in-court identification the trial court held a hearing concerning the photographic displays in the absence of the jury and determined that they were not impermissibly suggestive. See Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App. 1969).

This Court has adopted the rule that

". . . for pre-trial photographic display procedures to constitute reversible error they must violate the two-part test laid down in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). First, the photographic display itself must be impermissibly suggestive and, next, it must give rise to a very substantial likelihood of irreparable misidentification." White v. State, 496 S.W.2d 642 (Tex.Cr.App.1973).

See Coleman v. State, 505 S.W.2d 878 (Tex. Cr.App.1974). In determining whether a photographic display is impermissibly suggestive, thus tainting the in-court identification, the Court should examine the totality of the surrounding circumstances. Each case must be decided on its own facts. Simmons v. United States, supra; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). See Duran v. State, 505 S.W.2d 863 (Tex.Cr.App.1974); Robinson v. State, 502 S.W.2d 154 (Tex.Cr. App.1973); Martinez v. State, supra.

In Cause No. 48,652 the prosecutrix testified that as she walked home from a store a man stopped her, forced her behind the nearby bushes, and then raped her. Although the assault occurred at night, the prosecutrix had ample time and opportunity to observe the man when he approached her, during the rape, and still later when she was in a car with him for about five minutes. These events took place on or near a well-lighted street.

A few days after the rape, a detective showed the proescutrix six photographs to see if she could identify her assailant. She chose the photograph of the appellant as that of the man who raped her.

Appellant contends the photographic display was impermissibly suggestive because in the six pictures shown his was the only one on a driver's license and his picture was smaller than the others. The six pictures shown to the prosecutrix were all black and white photographs and were all of men who were similar in appearance. The detective said nothing to suggest which

photograph she should choose, and her testimony indicates that her in-court identification of appellant was based on her recollection of seeing him the night of the attack. The smaller size of appellant's picture was not suggestive because the record indicates the photographs were various sizes. Also, the portion of appellant's picture showing it to be a driver's license was covered during the display.

In Cause No. 48,653 the prosecutrix testified that she was walking home after making a phone call, and she saw a man walking toward her. She became frightened and ran; he caught her and forced her into a vacant lot where he raped her. The rape occurred at night, but the testimony indicates that there was bright moonlight and the surrounding area was well lighted. Although the prosecutrix, who was nearsighted, was not wearing her glasses, she said she was able to see well at a short distance. She was face-to-face with her attacker at a distance of a few inches for over an hour, thus she had sufficient time to observe the man.

She was shown a group of six color photographs a few days after the incident, and from these she identified appellant as the person who raped her.

Appellant claims the photographic display was impermissibly suggestive because appellant's picture was the only one which showed his height. From the record it is difficult for this Court to know whether this is true since the actual photographs shown in the display have been photocopied. However, the men in the photographs are similar in appearance, and the prosecutrix said she did not even notice that appellant's picture showed his height. Moreover, it is impossible to discern the height of any of the men in the other pictures. Since they could all be the same height, the display did not draw special attention to appellant. The prosecutrix also testified that the person showing her the photographs made no suggestion as to which one she should select. Her additional testimony indicates that her in-court identification was based on the hour that she spent face-to-face with appellant.

■ The trial court's admission of the in-court identification was proper in each case as the facts support the trial court's findings that the photographic displays were not impermissibly suggestive.

In Cause No. 48,653 the appellant contends error was committed in allowing the prosecutor to pose an improper hypothetical question because the question was not based on the evidence presented.

■ A hypothetical question must be based upon the facts of the case. Robertson v. State, 463 S.W.2d 18 (Tex.Cr.App. 1971). In a hypothetical question to appellant's witness, a doctor of optometry, the prosecutor asked if a person with myopia would be able to recognize another person who was close enough to breathe on him. The record reflects that the prosecutrix testified that appellant was only a few inches from her face and was breathing on her during the hour that they were lying in the vacant lot. The prosecutor's question was clearly based upon the evidence presented in the case. Appellant objected because the question was not based on *all* the evidence. The appellant argues that the question was improper because it "failed to include a description of lighting conditions . . ."

The applicable rule has been stated as follows:

"Counsel propounding the question is entitled to the witness' opinion upon any combination of facts inferable from the proof. He may and usually does assume facts in accordance with his theory of the case. If the opponent desires to secure the expert's opinion upon a different set of facts he may do so on cross-examination." McCormick & Ray, Evidence, § 1403, at p. 240 (2d ed. 1956).

All grounds of error are overruled.

The judgments are affirmed.

Opinion approved by the Court.