Robert Scott, Houston, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

WARREN, Justice.

Appellant was convicted by a jury of aggravated robbery and his punishment was assessed at 40 years confinement.

In his sole ground of error, appellant claims that neither of the two witnesses who testified at trial could properly identify him.

On October 8, 1979, at approximately 11:00 p. m., Garland Quebedeaux, complainant, and Olga Tandlemayer, were sitting in a parked automobile near the intersection of West Belfort and South Post Oak streets in Houston. While they were talking, appellant approached the auto from the rear and went to the window on the driver's side and began asking complainant questions about the availability of an auto mechanic. After several minutes another man approached the auto on the driver's side and pointed a rifle at Miss Tandlemayer. The second man poked the rifle in the window on the passenger's side and struck com-

**Jose JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0582–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1982.

plainant. Appellant and his accomplice verbally threatened complainant and Miss Tandlemayer, and then took a watch, two rings and a wallet from complainant and ordered both occupants of the auto to get out and lie face down on the pavement. Appellant and the other man then drove away, apparently to Austin, where on the following day, the auto was involved in an accident.

Four days later, complainant went to Austin and identified appellant in a photo spread furnished by the Austin Police Department. He later identified appellant in a line-up at the Houston Police Station and made a positive in-court identification of appellant.

Miss Tandlemayer identified appellant in a line-up held during the pre-trial hearings and made a positive in-court identification.

Appellant makes these complaints regarding the pre-trial identification of appellant:

(1) that the pictures shown to appellant by the Austin Police were dated, and the only two photos with dates close to the date of the offense were the photos of appellant.

(2) that the photo shown to complainant pictured appellant in a running suit similiar to one that was in the stolen car.

(3) that appellant had braided hair and he was the only person in the photo spread with braided hair.

Complainant testified that he immediately recognized appellant's face in the photo spread and only afterwards noticed that the man had braided hair and was wearing a running suit. He also testified that the braids on the night of the robbery were "closer" and different from their appearance at the time the photo was taken. Appellant testified that he remembered seeing the dates on the photos used in the photo spread but attached no significance to them at the time. The photos were not designated as material to be included in the record as required by V.A.C.C.P. 40.09 § 2, nor were they included in the material from the trial court. Therefore, the photos are not before us to review.

The complaining witness and Miss Tandlemayer testified that on the night of the robbery the car was parked in the parking lot of a filling station; that the lighting was sufficient to observe appellant's face; and that their opportunity to observe appellant lasted between three and fifteen minutes. All witnesses denied that any suggestions or hints were made prior to or during the line-up or photo spread as to whom to the correct selection would be.

■ In determining whether a photographic display is impermissibly suggestive, thus tainting an in-court identification, the court should examine the totality of the circumstances. *Atkinson v. State*, 511 S.W.2d 293 (Tex.Cr.App.1974). For a pre-trial photograph display procedure to constitute reversible error, the photographic display itself must be impermissibly suggestive and, it must also give rise to a very substantial likelihood of irreparable mistake. *Id.*, *White v. State*, 496 S.W.2d 642 (Tex.Cr.App.1973).

■ We are of the opinion that the photographic display was not impermissibly suggestive, nor did it give rise to a substantial likelihood of irreparable mistake; therefore, appellant's contentions are overruled.

We hold that the identifying witnesses were in a fair position and had ample opportunity to observe the appellant on the night of the robbery and that their in-court identification was not impermissibly tainted by any pre-trial identification.

Affirmed.