Valton Donnell LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0014–CR.

Court of Appeals of Texas,
Amarillo.

Feb. 19, 1982.

Thompson & Thomas, George L. Thompson, III, Lubbock, for appellant.

John T. Montford, Cr. Dist. Atty., Jim B. Darnell, Asst. Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Judge.

The offense is aggravated robbery. The punishment, enhanced by a prior conviction for burglary of a habitation, is life imprisonment. We affirm.

A few minutes before 6:00 a. m. on September 3, 1979, appellant and a female companion, subsequently identified as Cecilia Munoz, entered a Seven-Eleven store in Lubbock. As they were shopping, Martha Scott, the store manager, saw Munoz place an item in her purse. When the couple came to the check-out counter to pay for a sandwich and some candles selected by appellant, Mrs. Scott suggested they also pay for the item in the purse or leave it on the counter. Appellant became angry and the couple left the store without any merchandise. A few minutes later, they returned to the store, threatened to "beat up" Mrs. Scott and started throwing various items of merchandise at her. When Mrs. Scott attempted to telephone the police, appellant ripped the receiver off the telephone and gave it to Munoz. She beat Mrs. Scott on the head and arms with the receiver, knocking her to the floor three times. Appellant then asked Munoz if she had her gun. When she said "no" appellant asked, "Well, have you got that other thing?" Replying that she did, Munoz tossed appellant a black-handled folding knife with a four and one-half inch blade.

Appellant opened the knife and, waving it around, instructed Mrs. Scott to open the cash register. Mrs. Scott testified she was "scared to death" and afraid of "imminent bodily injury" from the knife. Another employee of the store, who observed the robbery but was warned by appellant not to interfere, testified appellant threatened to cut Mrs. Scott's throat if she didn't open the register. A police officer testified that the knife, later recovered by officers, was an extremely dangerous weapon capable of causing death or serious bodily injury.

When Mrs. Scott opened the register, Munoz removed the money and gave it to appellant who placed it in Munoz's purse. The act of removing the money triggered a camera that took a number of photographs of appellant, Munoz and Mrs. Scott as the robbery was in progress.

The couple then left the store. As they left, several police officers arrived at the store and attempted, unsuccessfully, to apprehend the couple. On the ground outside the store, the officers later found the knife used by appellant and the purse with approximately $160.00 in it.

The film from the camera was retrieved and developed by the police department. An officer recognized appellant from the photographs and the police subsequently arrested appellant after finding him under a pile of clothes in the closet of a residence in Lubbock.

Appellant was convicted and assessed life imprisonment by a jury after pleas of not guilty to the offense and not true to the enhancing charge. In this court, appellant contends, through his counsel, (1) the state failed to prove beyond a reasonable doubt that the knife used in the robbery was a deadly weapon and (2) the trial court erred "in not allowing appellant opportunity to confront and cross-examine the picture tak-

ing device and the installers thereof as to its operating function and reliability, which effectively denied appellant his sixth amendment right of confrontation and cross-examination of witnesses." By a pro se brief, appellant contends (1) the indictment was fundamentally defective, (2) the knife was not a deadly weapon and (3) the evidence was insufficient to support a conviction for aggravated robbery. We will first resolve the issues concerning the knife, then resolve the remaining grounds in the order stated.

Under section 29.03 of the Texas Penal Code, the first degree felony of aggravated robbery occurs when the person committing a robbery, Tex.Penal Code Ann. § 29.02 (Vernon 1974) (1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon. In this case, the State alleged appellant committed the robbery under subdivision (a)(2) of section 29.03 by using and exhibiting a deadly weapon, to wit, a knife. Tex.Penal Code Ann. § 29.03(a)(2) (Vernon 1974). Thus, the State was required to prove that the knife was a deadly weapon, defined in section 1.07(a)(11) of the Penal Code as follows:

(11) "Deadly weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex.Penal Code Ann. § 1.07(a)(11)(A) & (B) (Vernon 1974).

■ Our Court of Criminal Appeals has consistently held that an ordinary pocket knife, such as the one used by appellant in this case, is not a deadly weapon per se under Tex. Penal Code Ann. § 1.07(a)(11)(A) (Vernon 1974). *Limuel v. State*, 568 S.W.2d 309, 311 (Tex.Cr.App. 1978). However, a pocket knife can qualify as a deadly weapon under § 1.07(a)(11)(B) by its use or intended use, *Denham v. State*,

574 S.W.2d 129, 130 (Tex.Cr.App.1978), its size and shape and its capacity to produce death or serious bodily injury. It is not necessary that wounds be inflicted before a knife can be a deadly weapon. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex.Cr.App. 1980); *Limuel v. State*, 568 S.W.2d 309, 311–312 (Tex.Cr.App.1978). It is sufficient if a knife capable of causing death or serious bodily injury is displayed in a manner conveying an express or implied threat that death or serious bodily injury will be inflicted if the desire of the person displaying the knife is not satisfied. *Orosco v. State*, 590 S.W.2d 121, 124 (Tex.Cr.App.1979). Specifically, a pocket knife with a three and one-half to four inch blade is a deadly weapon under Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974) when its use or intended use is capable of causing death or serious bodily injury. *Cruz v. State*, 576 S.W.2d 841, 842 (Tex.Cr.App.1979).

■ Thus, under the foregoing authorities, a firearm or other object satisfying the description set out in section 1.07(a)(11)(A) is a deadly weapon per se. Any other object can be a deadly weapon if the evidence establishes its use or intended use in accordance with section 1.07(a)(11)(B), Tex.Penal Code Ann. (Vernon 1974).

■ In this case, there is ample evidence to support the implied finding of the jury [1] that the knife was a deadly weapon. Although Mrs. Scott was not wounded by the knife, appellant expressly indicated his intention to cut her throat with it if she didn't open the cash register. She was placed in fear of her life and a police officer confirmed the capability of the knife to cause death or serious bodily injury. Thus, the State met its burden.

Appellant relies on *Harris v. State*, 562 S.W.2d 463 (Tex.Cr.App.1978) and *Danzig v. State*, 546 S.W.2d 299 (Tex.Cr.App.1977) for his argument that the knife was not a deadly weapon. In those cases, as here, the knives were not considered deadly per se.

1. Contrary to an assertion by appellant in his pro se brief, the jury was charged concerning

the elements of a deadly weapon.

However, unlike this case, there was also an absence of evidence that the knives were capable of inflicting death or serious bodily injury. For that reason, the cases are not in point. Ground of error one and pro se ground of error two are overruled.

The second ground of error advanced by appellant through his counsel concerns the photographs taken during the robbery. The photographs clearly picture appellant and Munoz and were identified by Mrs. Scott as fair and accurate representations of the events that transpired on the night in question after the camera was triggered. Appellant objected to the introduction of the photographs because the camera and its installer were not present in the courtroom for examination. In this court, appellant argues that the camera and its installer were his accusers; thus he was denied his sixth amendment right of confrontation. U.S.Const. amend. VI.

Appellant's objection is one that is frequently made but never correctly sustained. Texas law does not now, nor has it ever, required the production of the camera or the photographer as a predicate for the admission of a photograph. *David v. State*, 453 S.W.2d 172, 177–178 (Tex.Cr.App.1970). As stated in *Williams v. State*, 461 S.W.2d 614, 616 (Tex.Cr.App.1970), if the photograph is material, the predicate for its introduction is evidence of its accuracy as a correct representation of the subject at a given time. The identifying witness is not required to have seen the photograph made. "All that is required of a witness who observed the object or scene depicted with his naked eye is testimony that the photograph truly and accurately represents that object or scene." *Id.*

The predicate established by Mrs. Scott's testimony is sufficient and the photographs were properly admitted. Appellant misconceives the accusatory concept in arguing that the camera and its installer are his accusers. Mrs. Scott is his accusor. She accuses him through her description of the events that transpired and through her testimony that the photographs are correct representations of those events. She was,

of course, available for cross-examination. The camera only records; it does not accuse. If appellant believes the photographs are inaccurate, he may inspect the camera or subpoena it or its installer and present such evidence as he may gather to dispute the testimony of the identifying witness. Those are, however, evidentiary matters to be developed by appellant. The state is not required to develop his evidence for him or bring the camera and the person installing it to the courtroom to be available at appellant's call. Ground of error two is overruled.

Under his pro se ground of error one, appellant argues the indictment is "fundamentally" defective because it alleges he intended to appropriate the property of Martha Scott. Appellant says the "Southland Corporation," not Martha Scott, was the owner of the money.

We note, initially, that there is no evidence that "Southland Corporation" was the owner of the money. Mrs. Scott testified the money in the store was in her care, custody, control and possession as the manager of the store and was taken by appellant without her consent.

We also note that the ground of error now asserted by appellant was not preserved by appropriate motion, objection or other action in the trial court. Thus, it was waived. *Phillips v. State*, 597 S.W.2d 929, 935 (Tex.Cr.App.1980); *American Plant Food Corporation v. State*, 508 S.W.2d 598, 603–604 (Tex.Cr.App.1974).

Finally, we find no error in the allegations of the indictment. Martha Scott, as manager of the store, was special owner of the money under § 1.07(a)(24) of the Texas Penal Code Annotated (Vernon 1974), having a greater right to possession of the money than appellant. *Compton v. State*, 607 S.W.2d 246, 250–251 (Tex.Cr.App.1980); *Johnson v. State*, 606 S.W.2d 894, 896 (Tex.Cr.App.1980). Appellant's second pro se ground of error is overruled.

By appellant's third pro se ground of error he contends the evidence is insuffi-

cient to establish the aggravation elements of the offense in question. We have reviewed the evidence in the light most favorable to the jury verdict, *Vaughn v. State*, 607 S.W.2d 914, 920 (Tex.Cr.App.1980) and we are satisfied it is sufficient to support the conviction.

This robbery was aggravated because of the use of a deadly weapon. Tex.Penal Code Ann. § 29.03 (Vernon 1974). In discussing the first ground of error, we have outlined the evidence pertinent to appellant's use of a deadly weapon while committing the robbery. That evidence is sufficient to support the conviction for aggravated robbery. Pro se ground of error three is overruled.

The judgment is affirmed.