Ray **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–81–0281–CR.

Court of Appeals of Texas, Amarillo.

March 18, 1983.

R.J. "Rusty" Thornton, Plainview, for appellant.

Richard L. Moore, Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

A jury convicted appellant of aggravated assault with a deadly weapon, Tex.Penal Code Ann. § 22.02(a)(4) (Vernon Supp. 1982), and assessed his punishment at a $2,500 fine and ten years confinement in the penitentiary. By a single ground of error, appellant contends the evidence is insufficient to prove that a knife he used during the assault was a deadly weapon. We affirm.

A female attendant was working alone in a convenience store in Petersburg, Texas during the early morning hours of March 19, 1981, when appellant entered the store, lured her to the potato chip rack, placed a knife to her throat and forced her to the rear of the store. Appellant released the attendant when she told him someone had entered the store, warned her not to say anything and followed her to the front of the store. As they neared the front, the attendant saw a deputy sheriff entering the store and ran to him, shouting that appellant was going to rape her. The deputy sheriff immediately arrested appellant.

The knife used by appellant and placed in evidence is a sharp pointed kitchen knife with an eight inch blade serrated along one edge. The attendant described appellant's use of the knife as follows:

Q. All right. When Mr. Hernandez came into the store, tell the jury, please, what did he do?

A. He grabbed me and put a knife to my throat, and he told me not to yell or he would cut my throat. Then, he took me to the back room.

\* \* \* \* \* \*

A. When I reached over to grab the chips, that's when he grabbed me and put a knife to my throat.

\* \* \* \* \* \*

Q. And what was he doing with his right hand?

A. He had a knife in his right hand, and it was—he had it under his hand at my throat.

Q. Did he have this knife against the skin of your throat or away from the skin?

A. Against my skin.

Q. All right. What, if anything, did he say at this point?

A. He told me not to yell or he would cut my throat.

Q. Did you believe him?

A. Yes.

Q. Were you afraid?

A. Yes.

Q. Were you afraid that he might cause you bodily injury?

A. Yes.

Q. What happened after that, Lucy?

A. He took me to the back room, and he kept telling me that if I screamed that he would cut my throat. And, then—

\* \* \* \* \* \*

Q. Lucy, were you afraid this Defendant was going to kill you?

A. Yes.

During the encounter, the knife scraped the attendant's throat, but she was not seriously injured.

Use of a deadly weapon is one of the events that will elevate a misdemeanor assault, Tex.Penal Code Ann. § 22.01 (Vernon Supp.1982) to a felonious aggravated assault. Tex.Penal Code Ann. § 22.02(a)(4) (Vernon Supp.1982). A deadly weapon is defined in § 1.07(a)(11) of the Texas Penal Code as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

In this case, the State relied on paragraph (B) of § 1.07(a)(11), alleging that appellant used a knife capable of causing death or serious bodily injury. That allegation, says appellant, was not proved. We conclude, however, that it was.

■ Where, as here, the weapon was not actually used to cause death or serious bodily injury, two elements must be proven under paragraph (B). First, the thing used as a weapon must be capable of causing the requisite harm. That capability may be apparent from the nature of the weapon, See, e.g., Acosta v. State, 77 Tex.Cr. 643, 179 S.W. 870 (1915), and may be established by lay testimony. Denham v. State, 574 S.W.2d 129, 131 (Tex.Cr.App.1978); Lewis v. State, 628 S.W.2d 276, 278 (Tex.App.— Amarillo 1982, no pet.).

Second, there must be evidence that the weapon was displayed or used in a manner indicating an intent to cause death or serious bodily injury. Orosco v. State, 590 S.W.2d 121, 124 (Tex.Cr.App.1979); Lewis v. State, supra. It is not necessary, however, that wounds be inflicted. Dominique v. State, 598 S.W.2d 285, 286 (Tex.Cr.App. 1980); Limuel v. State, 568 S.W.2d 309, 311–312 (Tex.Cr.App.1978).

■ When the evidence in this case is collated with the foregoing principles, its sufficiency is apparent. An eight inch sharp pointed blade is patently capable of causing the necessary harm, a fact recognized by the attendant when she testified that she was fearful of being killed. When appellant placed that blade against her throat, and announced his intention to cut it if she cried out, he conveyed his intent to use the weapon in a deadly manner. Thus, the elements of Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974) were established. Ground of error one is overruled.

The judgment is affirmed.