**Richard Allen SWARTZ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-84-246-CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 28, 1985.

Alley & Alley, Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for State.

OPINION

JOE SPURLOCK, II, Justice.

Appellant, Richard A. Swartz, pled not guilty to the offense of aggravated assault

with a deadly weapon, TEX.PENAL CODE ANN. sec. 22.02 (Vernon Supp.1985). The jury found him guilty, and after finding an enhancement count to be true the jury assessed his punishment at thirteen years confinement in the Texas Department of Corrections.

Swartz complains in a single ground of error that there was insufficient evidence to show that the knife alleged in the indictment was a deadly weapon and could not have supported the verdict of guilty of the offense of aggravated assault.

We affirm.

There have been many cases recently in Texas concerning whether or not a particular knife used in a particular offense is or is not a deadly weapon under the circumstances of its use. The case most often cited is *Alvarez v. State*, 566 S.W.2d 612, 614 (Tex.Crim.App.1978), wherein the Court of Criminal Appeals held:

It is well established that a knife is not a deadly weapon per se, although a knife can qualify as a deadly weapon through the manner of its use, its size and shape and its capacity to produce death or serious bodily injury. [Citations omitted.] Thus, the essential question is whether there is sufficient evidence to show that the appellant used the knife or intended to use the knife in such a way that it was 'capable of causing death or serious bodily injury.' [Citations omitted.]

This court has recently written on this same issue in the case of *Curry v. State*, 674 S.W.2d 495 (Tex.App.—Fort Worth 1984, pet. pending), wherein the court discussed a number of written opinions of the Court of Criminal Appeals' dealing with the issue of determining when a knife used in the commission of an offense is or is not to be considered a deadly weapon. In each of the cases cited the issue of whether or not the knife is a deadly weapon turns upon the particular circumstances of the case.

Most recently in the case of *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim. App.1983), the court noted that the evidence can show a particular knife to be a deadly weapon by showing its size, shape, sharpness, the manner of its intended use, or its use, and its capacity to produce death or serious bodily injury. Further, to determine the deadliness of a weapon, the jury may consider all of the facts of the case including the words spoken by the accused. *Id.* at 294.

In the instant case the victim described the knife as being about three or four inches long with a sharp blade and a point. She stated that she was in fear for her life and was certain the knife could kill her. She had a straight line of cuts across her fingers which she believed came from the knife during the scuffle with Swartz. There was some conflict in her testimony that she might have at one time said that the cuts came in a fall to the ground, but the jury as the trier of fact had the responsibility to resolve any such conflicts. It is conceivable the jury could have inferred the knife was sharp from the cuts. The victim's testimony also was that Swartz had grabbed her and said, "Don't say a word" and exhibited the knife to her about six inches from her face. After showing her the knife he repeated the same phrase "Don't say a word". The victim testified that as she screamed and began to scuffle, a passerby came upon the scene and Swartz dropped her to the ground and fled.

The police officer who investigated the offense was called at trial and testified that the victim reported she had been assaulted, and that she was extremely excited and distraught. The person who assaulted her used a weapon which was described by her as a long-bladed knife. The officer testified that the complainant had told him that the knife had been held to her throat. He searched for the knife but could not find one at the scene. Another police officer was called as an expert witness who had experience in investigating injuries or deaths as a result of knife wounds. He testified that in his opinion a knife is a deadly weapon. He based this opinion upon the fact that if the knife makes contact with an individual on specific areas on

ones' person that serious injury or death could result.

 We see no need to discuss the entire line of cases previously reviewed by this court in *Curry*, but conclude under the facts of this case the evidence is sufficient. That is, when a woman is assaulted, a knife is held to her throat and not more than six inches from her face, a threat is made to her to "Don't say a word", and where a scuffle ensues, the witness is cut on her hand and the attacker ceases the attack only because of the timely arrival of an intervenor, that under these facts it is not improper for a jury to conclude that the weapon used was in the manner of its intended use a deadly weapon. Further, it is not improper for the jury to conclude that the use of that weapon was to carry out a threat by the attacker to kill or seriously inflict bodily injury on the victim if she *did* say a word. We find that the evidence is sufficient to support the allegations in the indictment and the verdict in this case. Swartz' ground of error is overruled.

The judgment is affirmed.