NUMBER 13-03-102-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
RICHARD VELA, JR.,                                                                   Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Nueces County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Castillo and Baird



 
                            Opinion by Justice Baird
         Appellant was charged by indictment with three counts of sexual assault and
one count of aggravated assault. A jury acquitted appellant of the sexual assault
offenses alleged in counts I and II but convicted appellant of the sexual assault alleged
in count III and the aggravated assault alleged in count IV. The jury assessed
punishment at twelve years confinement and a fine of $5,000 on count III, and
fourteen years confinement and a fine of $5,000 on count IV. We reverse and remand
the judgment of the trial court as to count III and affirm the judgment as to count IV.
I. Ineffective Assistance of Counsel.
         Points of error one, two, and three contend defense counsel was ineffective. 
The right to the effective assistance of counsel is guaranteed by the Sixth and
Fourteenth Amendments to the United States Constitution, and Article I, section 10
of the Texas Constitution. The well-known two-prong standard of Strickland v.
Washington, 466 U.S. 668, 684 (1984), is utilized when reviewing ineffective
assistance of counsel claims. The reviewing court must first decide whether trial
counsel's representation fell below an objective standard of reasonableness under
prevailing professional norms. Id. at 684. If counsel's performance was deficient, the
reviewing court must decide whether there is a "reasonable probability" the result of
the trial would have been different but for counsel's deficient performance. Id. A
reasonable probability is a "probability sufficient to undermine confidence in the
outcome." Id. Absent both showings, an appellate court cannot conclude the
conviction resulted from a breakdown in the adversarial process that renders the result
unreliable. Id. at 687; Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App.
1993); Boyd v. State, 811 S.W.2d 105, 109 (Tex. Crim. App. 1991).
         The defendant bears the burden of proving ineffective assistance of counsel by
a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Allegations of ineffective assistance of counsel will be sustained only if
they are firmly founded and affirmatively demonstrated in the appellate record. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). When
determining the validity of an ineffective assistance of counsel claim, any judicial
review must be highly deferential to trial counsel and avoid the deleterious effects of
hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). This
deferential review begins with the strong presumption that counsel's actions and
decisions were reasonably professional and were motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant has the
burden of rebutting this presumption, and generally the record on direct appeal will not
be sufficient to show that counsel's representation was so deficient and so lacking in
tactical or strategic decision-making as to overcome the presumption that counsel's
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)
(trial record generally not sufficient to establish an ineffective assistance of counsel
claim).



         In the instant case, no motion for rehearing was filed. Consequently, no record
has been developed to support the claims raised in these three points of error. The
record, therefore, does not rebut the strong presumption that counsel's actions and
decisions were reasonably professional and were motivated by sound trial strategy. 
Jackson, 877 S.W.2d at 771. Consequently, the first prong of Strickland has not
been met.
         Additionally, appellate counsel does not argue that any of the alleged deficient
conduct was "sufficient to undermine confidence in the outcome" of appellant’s trial. 
Strickland, 466 U.S. at 694. Consequently, the second prong of Strickland has not
been met. Accordingly, the first, second, and third points of error are overruled.
II. EXCLUSION OF EXPERT TESTIMONY.
         The fourth point of error contends the trial judge erred by not permitting the
testimony of Cheryl Hartzendorf, appellant’s proffered expert witness.
A. Factual Summary.
         During its case-in-chief, the State called Sonia Eddleman as an expert witness. 
Eddleman was the director of the Sexual Assault Nurse Examiner (S.A.N.E.) Program
at Doctor’s Regional Medical Center. She had been a registered nurse for eighteen
years and was certified as a S.A.N.E. with the Texas Attorney General’s office. She
had been recognized as an expert and testified many times prior to appellant’s trial. 
Eddleman testified that she examined the complainant and prepared a report that the
complainant had been orally, sexually, and anally assaulted by appellant. Eddleman
stated the complainant had a one-and-a-half centimeter “oozing tear” to her anus.


 
The complainant did not exhibit any other genital injuries. However, according to
Eddleman this did not indicate that the complainant had not been sexually assaulted
because “92 to 95 percent of the time patients that are either consensually sexually
active or have been sexually assaulted do not have genital injuries.” 
         At the time of her direct examination, Eddleman had reviewed only the medical
report she prepared following her examination of the complainant. However, during
Eddleman’s cross-examination, defense counsel admitted into evidence the
complainant’s prior medical records from Christus Spohn Hospital indicating she had
rectal pain and tenderness. Eddleman testified the rectal tear was possibly caused by
constipation, but was “not something . . . commonly seen with diarrhea or
constipation.” 
         At the conclusion of the cross-examination, Eddleman was asked to refer to the
Physician’s Desk Reference and tell the jury what conditions Klonopin and Valtrex, two
medications prescribed for the complainant, were used to treat. The State objected
and a discussion was held outside the jury’s presence. During this discussion, defense
counsel stated he wanted to ask Eddleman if Valtrex was prescribed for venereal
diseases that cause rectal tears. At this time the following exchange occurred:
TRIAL JUDGE: Well, [Eddleman] just stated to me that as far as she
knows there’s no connection between a tear and the medication that may
be given to a person. Until you have someone who can make that
connection, I will sustain the objection.

         Do you have anything else.
 
DEFENSE COUNSEL: May I call an expert witness, Judge?
 
TRIAL JUDGE: Well, we’re here with this witness right now.
 
DEFENSE COUNSEL: Well, can I call an expert to rebut what she’s telling
you?
 
TRIAL JUDGE: You can call any witness that you want, but right now
we’re with this witness.

         Do you have anything else of this witness?
 
DEFENSE COUNSEL: No, Judge.

         To rebut Eddleman’s testimony, defense counsel called Cheryl Hartzendorf. 
Pursuant to Texas Rule of Evidence 705(b), the State requested a hearing outside the
jury’s presence. Tex. R. Evid. 705(b). At that hearing, Hartzendorf testified she was
an R.N., Certified Legal Nurse Consultant. Hartzendorf owned an independent legal
nurse consulting business and had spent 400 hours at the Medical Legal Nurse
Institute in Houston to be a Certified Legal Nurse Consultant. She had participated in
twenty-five to thirty cases, both criminal and civil. She had testified three times
previously in civil trials and once in a criminal trial alleging sexual assault and involving
DNA evidence. Prior to her testimony Hartzendorf reviewed the medical records of the
complainant from both Corpus Christi Medical Center and Christus Spohn Memorial
Medical Center, and the D.P.S. analysis of the swabs and hair combing taken by
Eddleman from the complainant.
         On cross-examination, Hartzendorf stated she volunteered to testify for
appellant because “[t]here’s no evidence to indicate that this particular person, no
sperm, no head hair combings, no vaginal swabs, fingernail swabs, oral smears,
vaginal smears, anal smears that – there’s no DNA evidence linking this particular –
[appellant] to the alleged rape of [the complainant]. Hartzendorf relied upon her
general nursing experience to form her opinion. Hartzendorf conceded she had not
written any articles for peer review and was not aware of any published articles
holding the view that if there is not DNA or physical evidence there is no rape. 
         During the Rule 705(b) hearing, the State was permitted to recall Eddleman to
“challenge” Hartzendorf’s qualifications. When asked if she was “aware of any
scientific theory that holds to the principle if there is no DNA evidence, if there is no
hair evidence, then there is no rape?” Eddleman responded in the negative. At the
conclusion of this testimony, the State argued Hartzendorf’s testimony should be
excluded. Defense counsel argued the testimony was necessary to rebut Eddleman’s
testimony and to establish there was no link between the complainant’s sexual assault,
if any, and appellant. The trial judge sustained the objection, and Hartzendorf was not
permitted to testify before the jury. 
B. Argument and Analysis.
         To be admissible, expert testimony must assist the trier of fact in understanding
the evidence or determining a fact in issue. Tex. R. Evid. 702. The expert may testify
in the form of opinion or inference. Tex. R. Evid. 703. We review the decision of the
trial judge to admit or exclude expert testimony for an abuse of discretion. Sexton v.
State, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002). Trial judges abuse their discretion
by acting without reference to any guiding rules and principles. Montgomery v. State,
810 S.W.2d 372, 380 (Tex. Crim. App. 1990).
         Once a particular type of scientific evidence is well established as reliable, a
court may take judicial notice of that fact, thereby relieving the proponent of the
burden of producing evidence on that question. Emerson v. State, 880 S.W.2d 759,
764 (Tex. Crim. App. 1994). Clearly, medical testimony in sexual assault cases,
whether by a nurse, sexual assault examiner, or physician, is the type of scientific
evidence that is well established as reliable. Gregory v. State, 56 S.W.3d 164, 179
(Tex. App.–Houston [14th Dist.] 2001 pet. dism'd) (holding that nurse was qualified
to testify as expert) (and cases cited therein).
         As we read the record and the State’s brief, the contention at trial, and again
on appeal, and the reason for the trial judge’s decision, is that the testimony was not
reliable primarily because Hartzendorf had no valid scientific theory to support her
opinion, and therefore, was not qualified.


 Special knowledge which qualifies a
witness to give an expert opinion may be derived from specialized education, practical
experience, a study of technical works, or a combination thereof. Wyatt v. State, 23
S.W.3d 18, 27 (Tex. Crim. App. 2000). In fact, a witness may be qualified solely on
the basis of practical experience. Carter v. State, 5 S.W.3d 316, 319-20 (Tex.
App.–Houston [14th Dist.] 1999, pet. ref'd) (citing Lauria v. Nat'l R.R. Passenger
Corp., 145 F.3d 593, 598 (3d Cir. 1998) (stating witnesses can qualify as experts
under Rule 702 on the basis of practical experience alone, and a formal degree, title,
or educational speciality is not required)). 
         In the instant case, Hartzendorf had the requisite training, background and
education to qualify as an expert witness. Further, as noted above, she stated she
relied upon her general nursing experience to form her opinion. Consequently, we hold
she was qualified to testify as an expert witness in the instant case. Carter, 5 S.W.3d
at 319-20.
         The trial judge erred in sustaining the State’s “challenge” to Hartzendorf’s
qualifications in at least three respects. First, since practical experience alone is
sufficient to qualify one as an expert, there is necessarily no requirement that the
witness have written or read any articles subject to peer review before stating an
opinion. Pipitone v. Biomatrix, Inc., 288 F.3d 239, 245-46 (5th Cir. 2002) (holding
lack of literature on subject did not undermine expert's qualifications because trial
judge could rely on first-hand observations and professional experience to assess
expert's reliability) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 151 (1999)
(“It might not be surprising in a particular case, for example, that a claim made by a
scientific witness has never been the subject of peer review, for the particular
application at issue may never previously have interested any scientist.”)). In other
words, simply because there is no published article on a particular subject does not
mean there is insufficient practical experience to support an opinion on the subject. 
Common sense tells us this would be particularly true when the expert testifies
regarding a negative finding.
         Second, we are not aware of any authority permitting the party against whom
the expert testimony is offered to use its own expert to challenge the qualifications of
the opponent’s expert. Were this the rule, the proponent could never establish an
expert’s qualifications because the opposing expert who had previously testified would
necessarily opine that the expert was not qualified – were the proponent’s expert
qualified, the witnesses would have come to the same conclusion. Rule 705 provides
the opponent an opportunity to determine the foundation of the expert’s opinion. Alba
v. State, 905 S.W.2d 581, 588 (Tex. Crim. App. 1995). Specifically, Rule 705(b)
limits the voir dire of the expert to “the underlying facts or data upon which the
opinion is based.” See Tex. R. Evid. 705(b). Under subsection (c), if the judge
determines the “underlying facts or data do not provide a sufficient basis for the
expert’s opinion under Rule 702 or 703, the opinion is inadmissible.” See Tex. R. Evid.
705(c). In the instant case, Hartzendorf based her opinion on the medical records of
the complainant, both before and after the alleged assault, and the DPS analysis of the
swabs submitted to its lab. Obviously, this is the type of record relied upon by experts
to form an opinion.



         Third, to the extent the trial judge based his decision to exclude Hartzendorf’s
testimony on the basis that he personally did not agree with her opinion or did not find
her credible was an abuse of discretion. The trial judge as gatekeeper is to determine
the reliability, relevancy, and admissibility of scientific evidence. Hartman v. State,
946 S.W.2d 60, 63 (Tex. Crim. App. 1997). However, the trial judge does not pass
on the credibility of the witness or her ultimate opinion. Whether the expert’s
testimony and/or opinion is credible is the function of the jury. Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979) (jury exclusive judge of weight to be given testimony). 
The State’s criticism of Hartzendorf’s qualifications did not justify the trial court in
excluding the testimony. Muhammad v. State, 46 S.W.3d 493, 510 (Tex. App.–El
Paso 2001, no pet.). In the instant case, as in Muhammad, the State’s criticisms of
Hartzendorf “should have been explored on cross-examination, as affecting the weight
to be given [her testimony], not its admissibility.” Id. 
         There can be no doubt that the subject of Hartzendorf’s opinion was relevant. 
Just as Eddleman was permitted to testify that the lack of genital injuries did not
indicate that the complainant had not been sexually assaulted because “92 to 95
percent of the time patients that are either consensually sexually active or have been
sexually assaulted do not have genital injuries,” Hartzendorf should have been
permitted to testify that no sexual assault occurred. One party cannot proffer expert
testimony and subsequently argue successfully that the testimony was not relevant
when the opposing party seeks to offer expert testimony on the same subject which
reaches a different conclusion.
         For these reasons, we find the trial judge, in excluding Hartzendorf’s testimony,
acted without reference to any guiding rules and principles. Montgomery, 810 S.W.2d
at 380. Accordingly, we hold the trial judge abused his discretion in excluding
Hartzendorf’s testimony.
C. Harm Analysis.
         Having determined the trial judge erred in excluding Hartzendorf’s testimony, we
must now determine if appellant was harmed. As a general rule, Rule 44.2(b) of the
Texas Rules of Appellate Procedure prescribes the harm analysis for error stemming
from the erroneous admission or exclusion of evidence. Tex. R. App. P. 44.2(b);
Muhammad, 46 S.W.3d 509. Under that rule, error that does not affect a substantial
right must be disregarded. A substantial right is affected when the error had a
substantial and injurious effect or influence in determining the jury's verdict. King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. U.S., 328
U.S. 750, 776 (1946)). An error that has no influence or only a slight influence on the
verdict is harmless. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 
However, if the reviewing court is unsure whether the error affected the outcome, the
court should treat the error as harmful, i.e., as having a substantial and injurious effect
or influence in determining the jury's verdict. Webb, 36 S.W.3d at 182. Neither party
has the burden of proof under Rule 44.2(b). Id. Rather, the appellate court will examine
the record for purposes of determining harm. Id.
         When examining the appellate record, we should consider the following factors: 
(1) the evidence admitted, (2) the nature of the evidence supporting the verdict,
including whether this evidence was overwhelming; (3) the character of the alleged
error and how it might be considered in connection with other evidence in the case;
(4) the jury instructions; (5) the State's theory and any defensive theories; (6) closing
arguments; (7) voir dire; and, (8) whether the State emphasized the error. Motilla v.
State, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002). We will consider each of
these factors in connection with the instant case.
         First, we review the evidence admitted at trial. The complainant testified that
she was sexually assaulted by appellant orally, vaginally, and anally. Eddleman
corroborated the vaginal penetration despite the lack of genital injuries because “92
to 95 percent of the time patients that are either consensually sexually active or have
been sexually assaulted do not have genital injuries.” Eddleman’s testimony regarding
the oozing tear supported the State’s theory of anal penetration.
         Second, we review the nature of the evidence supporting the verdict, including
whether this evidence was overwhelming. The jury acquitted appellant of the
allegations in count I and count II which alleged appellant sexually assaulted the
complainant orally and vaginally. However, the jury convicted appellant of sexual
assault by anal penetration. Therefore, we cannot say the evidence was
overwhelming.
         Third, we analyze the character of the alleged error and how it might be
considered in connection with other evidence in the case. This we feel is the critical
factor in our analysis. As stated above, Hartzendorf’s testimony was both reliable and
relevant. Her testimony contradicted the complainant and Eddleman’s testimony, and
corroborated appellant’s testimony. Hartzendorf’s testimony, therefore, was of great
potential benefit to appellant. Consequently, this factor militates heavily in favor of
finding harm.
         Fourth, we consider the jury instructions. The jury instructions do not mention
expert testimony. Accordingly, this is not a factor in our analysis.
         Fifth, we review the State's theory and any defensive theories. As can be seen
above, the theories were totally opposite of one another. Eddleman was used
convincingly to support the State’s theory while Hartzendorf was not permitted to
testify and undermine that theory. Consequently, this factor militates heavily in favor
of finding harm.
         Sixth, we analyze the closing arguments. Defense counsel argued there was
no evidence of oral or vaginal penetration. He did not mention Eddleman or the oozing
tear. The State stressed the testimony of Eddleman and the oozing tear to corroborate
the complainant‘s testimony and each theory of sexual assault. Consequently, this
factor militates in favor of finding harm.
         Seventh, we consider the voir dire. The trial judge identified Eddleman as a
witness and introduced her to the venire. During the State’s voir dire, the prosecutor
mentioned that Eddleman would be testifying to “medical evidence.” No
veniremember indicated a problem considering medical evidence as credible. From this
exchange, we conclude each veniremember actually selected to serve on the jury was
capable of giving weight to Eddelman’s testimony. Similarly, we conclude those jurors
would have probably given some weight to Hartzendorf’s testimony had they been
permitted to hear it. Consequently, this factor militates in favor of finding harm.
         Eighth, we consider whether the State emphasized the error. The error was not
emphasized by the State.
         When the Motilla factors are considered, we cannot say the error in excluding
Hartzendorf’s testimony had no influence or only a slight influence on the verdict
related to count III of the indictment alleging sexual assault by anal penetration. 
Johnson, 967 S.W.2d at 417. Consequently, we must treat the error as harmful. 
Webb, 36 S.W.3d at 182. However, this finding of harm is limited to count III which
alleged sexual assault by anal penetration. The error was harmless as to count IV
which alleged aggravated assault. There is no indication in the record that Hartzendorf
would have testified about the neck injuries.


 Consequently, we hold the error had no
or only slight influence on the allegations of aggravated assault in count IV of the
indictment. Accordingly, the error was harmless in relation to count IV. We overrule
appellant’s fourth issue.
III. Aggravated Assault.
         The fifth and final point of error contends the evidence is legally insufficient to
support the jury’s verdict. To evaluate the legal sufficiency of the evidence, we view
all the record evidence and reasonable inferences therefrom in the light most favorable
to the prosecution to determine whether a rational jury could have made the challenged
finding beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Teer v. State, 923 S.W.2d 11, 17 (Tex. Crim. App. 1996). The jury is
entitled to resolve any conflicts in the evidence, to evaluate the credibility of
witnesses, and to determine the weight of particular evidence. Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996).
         A person commits simple assault by intentionally, knowingly, or recklessly
causing bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp.
2004). A person commits aggravated assault by committing assault and using or
exhibiting a deadly weapon during the commission of the assault. Id. § 22.02(a)(2). 
Count IV of the indictment alleged appellant’s hands constituted a deadly weapon.
Body parts, such as hands and knees, may be deadly weapons based on their manner
of use or intended use and their capacity to produce death or serious bodily injury.
Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App. [Panel Op.] 1983); Gillum v.
State, 888 S.W.2d 281, 288 (Tex. App.–El Paso 1994, pet. ref'd). To determine
whether something is a deadly weapon, the jury may consider all the surrounding
facts, including the defendant's words and whether the victim feared death or serious
bodily injury. Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983); English
v. State, 647 S.W.2d 667, 669 (Tex. Crim. App. 1983); Denham v. State, 574
S.W.2d 129, 131 (Tex. Crim. App. 1978); Hernandez v. State, 649 S.W.2d 720, 722
(Tex. App.–Amarillo 1983, no pet.). The State does not have to prove that the
complainant actually sustained serious bodily injuries. Jefferson v. State, 974 S.W.2d
887, 892 (Tex. App.–Austin 1998, no pet.); Clark v. State, 886 S.W.2d 844, 845
(Tex. App.–Eastland 1994, no pet.). The State must only prove that the hands were
capable of causing serious bodily injury in the way they were used or intended to be
used. Hill v. State, 913 S.W.2d 581, 584 (Tex. Crim. App. 1996); Jefferson, 974
S.W.2d at 892; Gillum, 888 S.W.2d at 288.
         The complainant testified appellant choked her several times during the criminal
episode, and at one point “I started blacking out and couldn’t breathe and thought ‘My
God, he’s going to kill me.’” Peace Officer Nancy Lee testified that the use of hands
around a person’s neck to choke that person constitutes the use of a deadly weapon. 
Based upon this testimony, we hold the jury could have rationally concluded that
appellant's hands, in the manner of their use or intended use were capable of causing
serious bodily injury. The fifth point of error is overruled.
IV. Pro Se Appellate Brief.
         Appellant has filed a pro se brief alleging three supplemental points of error. 
Appellants are not allowed "hybrid representation" on appeal. In other words, an
appellant and his appellate counsel cannot present independent points of error to an
appellate court. Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995)
(appellant's supplemental brief presented nothing for review). Accordingly, these
supplemental points are overruled.
         The judgment of the trial court as to count III is reversed and remanded, and the
judgment of the trial court as to count IV is affirmed.


                                                                                                                   
                                                                        Charles F. Baird,
                                                                        Justice
Publish.
 
Tex. R. App. P. 47.2(b). 


Opinion delivered and filed
this 12th day of August, 2004.





Published in part: only the initial paragraph, part II, and the final paragraph of this
opinion are designated for publication