Jesus Puente TORRES, Appellant,

v.

The STATE of Texas, State.

No. 2–94–025–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 24, 1995.

Robert Kersey, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section, Stuart Brooks and Bruce Beasley, Assistant District Attorneys, Fort Worth, for appellee.

Before RICHARDS, CHUCK MILLER and JOE DRAUGHN (Assigned), JJ.

OPINION

CHUCK MILLER, Justice (Assigned).

Appellant Jesus Torres was convicted by a jury of the offense of aggravated assault of a peace officer.[1] The jury assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

In two points of error, appellant claims the evidence is insufficient (1) to prove that his acts or words constituted the "threat" element of the offense of aggravated assault of a peace officer and (2) to sustain a deadly weapon finding. The State responds that appellant manifested a conscious objective or desire to threaten a peace officer with a deadly weapon.

Viewed in the light most favorable to the jury's verdict, the evidence presented during the guilt/innocence phase of trial established the following: In the early morning hours of February 17, 1990, Officer Randy Whisenhunt of the Fort Worth Police Department detained appellant for suspicion of driving while intoxicated. Appellant, who could not speak English very well, was placed, uncuffed, in the back seat of a patrol car while Officer Whisenhunt radioed for a Spanish-speaking unit to assist him. Before the back-up unit arrived, appellant said he needed to urinate. Officer Whisenhunt escorted appellant to some nearby bushes where appellant merely stood and stared at the officer. Officer Whisenhunt soon became uncomfortable with the situation and asked appellant to return to the patrol car. As the two men approached the car, appellant fled on foot and Officer Whisenhunt gave chase. After only a short distance, the officer was able to push appellant down with a flashlight. The two men struggled as Officer Whisenhunt attempted to handcuff appellant. Appellant then struck the officer.

While lying on the ground, Officer Whisenhunt pulled his service revolver to avoid further attack. Undaunted, appellant grabbed the barrel of the gun, turned it around, and forced the muzzle against the officer's neck. Although appellant controlled the direction of the gun, Officer Whisenhunt maintained control of the trigger mechanism. Appellant then beat the officer with one hand and attempted to wrestle the gun away with the other. With the gun still positioned at the officer's neck, appellant said, "[G]o ahead and shoot now." As Officer Whisenhunt began losing consciousness as a result of the beatings, Lee Lively, a TU Electric worker, drove up and shined his truck headlights on the two men. The bright lights distracted appellant long enough for Officer Whisenhunt to gain complete control of the gun and throw it from the immediate area. Lively got out of his truck and picked up the gun. As appellant began running away, Lively fired three or four shots, striking appellant twice in the leg. Thereafter, appellant was quickly apprehended. As a result of the incident, Officer Whisenhunt suffered multiple broken bones, lacerations, and abrasions.

Our analysis of the sufficiency of the evidence begins with two well-known principles. First, the jury, as the sole judge of the weight and credibility of the evidence, was free to accept or reject any or all of the evidence of either the State or the defense, even if that evidence was uncontradicted. *Wilkerson v. State*, 881 S.W.2d 321, 324 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994) (citing *Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982)). Second, appellant's conviction must be supported by evidence sufficient to rationally prove all the elements of the offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970). Therefore, as an appellate court, we must consider all of the evidence and reasonable inferences from it in the light most favorable to the jury's verdict and de-

---

1. Act of May 28, 1989, 71st Leg., R.S., ch. 939, § 2, 1989 Tex.Gen.Laws 4003, 4003–04, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3619–20 (current version at Tex.Penal Code Ann. § 22.02 (Vernon 1994)).

termine whether, based on that evidence and those inferences, a rational jury could have found appellant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). Thus, we do not act as a thirteenth juror reevaluating the weight and credibility of the evidence. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim.App.1990). Rather, we act only "as a final, due process safeguard ensuring ... the rationality of the factfinder." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

 A person commits the offense of assault if the person intentionally or knowingly threatens another with imminent bodily injury. Tex.Penal Code Ann. § 22.01(a)(2) (Vernon 1994); *Garrett v. State*, 619 S.W.2d 172, 173 (Tex.Crim.App. [Panel Op.] 1981). Aggravated assault occurs if the person commits an assault under section 22.01 and the person threatens with a deadly weapon a peace officer who is acting in the lawful discharge of an official duty. *See* footnote 1. A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex.Penal Code Ann. § 6.03(a) (Vernon 1994). Likewise, a person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. Tex.Penal Code Ann. § 6.03(b) (Vernon 1994). Finally, a person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.*

According to the indictment, the State was required to prove that appellant threatened Officer Whisenhunt with a deadly weapon, *i.e.*, that appellant manifested a conscious objective or desire to threaten and that appellant was aware he was threatening a peace officer. A rational jury could certainly infer from appellant's acts, words and overall conduct that he intentionally and knowingly threatened Officer Whisenhunt with a deadly weapon. *See McGowan v. State*, 664 S.W.2d 355, 357 (Tex.Crim.App.1984) (a threat may be communicated verbally or by action or conduct). The evidence unquestionably shows that appellant overpowered and severely beat the officer into unconsciousness, forced the muzzle of a gun to the officer's neck, said "go ahead and shoot," and attempted to gain control of the trigger mechanism on the gun. Officer Whisenhunt also testified that, in his opinion, appellant intentionally and knowingly threatened him with a deadly weapon. Accordingly, we hold there is sufficient evidence from which a rational jury could conclude that appellant manifested a conscious objective or desire to threaten the officer and was aware of the nature of the threat. Point of error one is overruled.

 Next, appellant argues that the evidence is insufficient to sustain a deadly weapon finding. Relying on *Orosco v. State*, 590 S.W.2d 121, 124 (Tex.Crim.App. [Panel Op.] 1979), appellant claims that because the gun was not used to cause death or serious bodily injury, the State was required to prove that the gun was displayed or used in a manner indicating an intent to cause death or serious bodily injury. Appellant's reliance on *Orosco* is misplaced. The State need not prove intent to cause death or serious bodily injury unless the weapon used does not meet the definition of a "deadly weapon" under section 1.07(a)(17)(A) of the Texas Penal Code, and therefore must be proven under the alternative definition found in section 1.07(a)(17)(B). *See, e.g., Hernandez v. State*, 649 S.W.2d 720, 722 (Tex.App.—Amarillo 1983, no pet.); *Lewis v. State*, 628 S.W.2d 276, 278 (Tex.App.—Amarillo 1982, no pet.). In this instance the State proved the weapon was a firearm, which qualifies as a deadly weapon per se. Tex.Penal Code Ann. § 1.07(a)(17)(A) (Vernon 1994); *Burnett v. State*, 865 S.W.2d 223, 230 (Tex.App.—San Antonio 1993, pet. ref'd). Thus, we can find no legal basis to support appellant's second insufficiency claim. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.