NO









NO. 12-05-00090-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

STACY
TOWNSEND,          §                      APPEAL FROM THE 7TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant Stacy Townsend of aggravated assault of his wife,
Tina, made a specific finding of a deadly weapon, and sentenced him to
imprisonment for twenty years and a $10,000 fine.   In three issues, Appellant challenges the
sufficiency of the evidence to support his conviction.  We affirm.

 

Background

            Appellant was charged by indictment
with aggravated assault of his wife.  See
Tex. Pen. Code Ann. § 22.02
(Vernon Supp. 2005).  








            At trial, despite the State’s best
efforts, Appellant’s wife, the victim, could not be located.  Initially, the testimony presented by the
State’s witnesses included statements made by Appellant’s wife to various
emergency medical service and emergency room personnel.  The testimony established that Appellant beat
and threatened to beat his wife over a period of several hours.  Her son came home and took her to another
location.  Subsequently, she was
transported by ambulance to the hospital where she was treated for numerous
bruises, lacerations, and contusions. 
The testimony also established that the victim reported Appellant had
choked her, kicked her, hit her, thrown various items at her, and beat her with
an extension cord. She reported losing consciousness several times. The
witnesses also testified that the victim had severe lacerations, bruises, and
abrasions over much of her body. 
Treatment of lacerations on her face and elsewhere required
stitches.  The treating physician
testified the stitches and lacerations would leave permanent scarring.  The doctor also testified that there was a danger
of renal failure, due to the extensive bruising, if the injuries had been left
untreated.

            Witnesses also testified that
Appellant’s wife told the medical personnel that Appellant had beat her with
and had used or exhibited various items that witnesses testified, in the manner
of Appellant’s  use, were capable of
causing death or serious bodily injury. 
These items included his hand, his feet, an extension cord, a chair, a
vase, a weight bench, and a belt. 

            The victim’s mother testified that
she saw her daughter soon after the attack and that her daughter was “just
bloody” and “her body was just tore up.” She also testified that, while talking
with the police at the hospital, Appellant called her and said he was sorry for
what he did to the victim.  The victim’s
mother also recovered from the victim’s home, and delivered to the police, a
yellow extension cord that had blood on it, which was later identified as the
victim’s blood.  The victim’s son
testified that his mother said she and Appellant had been arguing and Appellant
had caused her injuries. He also testified that Appellant had apologized to him
for injuring his mother. The victim’s daughter testified that, on the day of
the beating, Appellant called her at work and said that her mother had been
having physical relations with another man. 
Later that day, she went to where her mother had been transported, and
her mother “had gashes all over her body” from being “beat up.”  She testified she immediately called 9-1-1
and the police.   She later called
Appellant and asked why he had “jumped on” her mother, and he had said it was
because “she was cheating on him.”

            An investigating officer from the
sheriff’s department testified about meeting with the victim two days after the
attack and observing numerous lacerations on her arms, torso, and legs, very
large bruises over most of her body, and open flesh wounds.  The officer testified that hands and feet
could be deadly weapons.

            After the State rested, the victim,
who had been the subject of an attachment order because she had failed to
attend any hearings after being subpoenaed, surrendered, came to court, and
testified.  The victim testified
Appellant beat her for twelve to thirteen hours with his hand, his feet, and an
extension cord, shot at her once, and threw a vase and an “Ab Cruncher”
exercise machine at her.

            The jury convicted Appellant and
made a specific finding that a deadly weapon was used.  After hearing punishment evidence, the jury
sentenced Appellant to imprisonment for twenty years and a $10,000 fine.   This appeal followed.

            

Effect of Multiple Count Indictment

            The indictment included three
paragraphs[1]
in which the State alleged Appellant committed an aggravated assault against
his wife in three manners. First, the State alleged that he committed
aggravated assault by “intentionally, knowingly, or recklessly caus[ing]
serious bodily injury [to his wife] by striking her with his hand and feet and
an extension cord and a chair and a vase and a belt.” Next, the State alleged
that he committed aggravated assault by “intentionally, knowingly, or
recklessly caus[ing] bodily injury [to his wife] by striking her with his hand
and feet and an extension cord and a chair and a vase and a belt, and the
defendant did then and there use or exhibit a deadly weapon, to-wit: his hand
and feet and an extension cord and a chair and a vase and a belt, during the
commission of said assault.” Finally, the State alleged that he committed
aggravated assault by “intentionally or knowingly threaten[ing his wife] with
imminent bodily injury and did then and there use or exhibit a deadly weapon,
to-wit: his hand and feet and an extension cord and a chair and a vase and a
belt, during the commission of said assault.” The last paragraph of the
indictment alleged that in each of the offenses charged, Appellant “did use and
exhibit a deadly weapon, to-wit: his hand and feet and an extension cord and a
chair and a vase and a belt, that in the manner of its use and intended use was
capable of causing death and serious bodily injury[.]”

            The court of criminal appeals has
held that a general verdict is valid so long as it is legally supportable on
one of the submitted grounds. Gonzalez v. State, 8 S.W.3d 640,
641 (Tex. Crim. App. 2000).  Where the
Texas Penal Code lists distinct ways to commit a single offense, alternative
pleading of differing methods of committing one offense may be included in one
indictment.  Hernandez v. State,
190 S.W.3d 856, 863 (Tex. App.–Corpus Christi 2006, no pet.).  The conviction will be upheld if the evidence
is sufficient to support a finding of guilt under any one of the theories
submitted.  Id.   A trial court may submit a disjunctive jury
charge and obtain a general verdict where the alternative theories involve the
commission of the same offense.  Gonzales,
191 S.W.3d at 747.

 

Sufficiency of the Evidence

            Appellant’s three issues focus on
the sufficiency of the evidence to support Appellant’s conviction in each of
the three manners alleged in the indictment. 
Appellant does not specify whether he intends to attack the legal or the
factual sufficiency of the evidence, and the case he cites, Torres v.
State, 905 S.W.2d 440, 441-42 (Tex. App.–Fort Worth, 1995, no pet.),
discusses only legal sufficiency.  In the
interest of justice, we will consider both legal and factual sufficiency of the
evidence.

Standard
of Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. 
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  The evidence is examined in the light most
favorable to the jury’s verdict.  See Jackson,
443 U.S. at 320, 99 S. Ct. at 2789;  Johnson,
871 S.W.2d at 186.  A successful legal
sufficiency challenge will result in rendition of an acquittal by the reviewing
court.  See Tibbs v. Florida,
457 U.S. 31, 102 S. Ct. 221, 2217-18, 72 L. Ed. 2d 652 (1982).

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one
that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant is tried.” 
See id.

            In reviewing factual sufficiency, we
consider all the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute and compare it to the evidence that tends to
disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis v. State, 922 S.W.3d 126, 133 (Tex. Crim.
App. 1996), our evaluation should not substantially intrude upon the jury’s
role as the sole judge of the weight and credibility of the witness
testimony.  See Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury’s determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, S.W.3d 1, 11 (Tex. Crim. App. 2000).[2]  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).  A clearly wrong and manifestly unjust verdict
occurs where the jury’s finding “shocks the conscience” or “clearly
demonstrates bias.”  Zuniga,
144 S.W.3d at 481.

            As the court of criminal appeals
explained in Zuniga, “There is only one question to be answered
in a factual-sufficiency review: Considering all of the evidence in a neutral
light, was a jury rationally justified in its finding of guilt beyond a
reasonable doubt?” Id. at 484.

 

Sufficiency of Evidence of Bodily Injury

and Use or Exhibition of Deadly Weapon

 








            In his second issue, Appellant contends
the evidence was insufficient to support his conviction for causing bodily
injury and using or exhibiting a deadly weapon during the commission of the
assault.  A person commits the offense of
assault if the person “intentionally, knowingly, or recklessly causes bodily
injury to another, including the person’s spouse.” Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp.
2005).  A person commits the offense of
aggravated assault if he commits assault as defined in penal code section 22.01
and “(1) causes serious bodily injury to another, including the person’s
spouse; or (2) uses or exhibits a deadly weapon during the commission of the
assault.”  Id. §
22.02(a)(1), (2).  The Texas Penal Code
defines bodily injury as “physical pain, illness, or any impairment of physical
condition.”  Id. §
1.07(8).  “Serious bodily injury” is “bodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.”  Id.
§ 1.07(46).  The definition of deadly
weapon includes “a firearm or anything manifestly designed, made, or adapted
for the purpose of inflicting death or serious bodily injury” as well as “anything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury.”  Id.
§ 1.07(17)(A), (B).         

            A firearm is a deadly weapon per
se.  Id. §
1.07(17)(A).  Although a hand is not a
deadly weapon per se, Texas courts have held that body parts, such as hands and
knees, may be deadly weapons based on their manner of use or intended use and
their capacity to produce death or serious bodily injury.  See Turner v. State, 664 S.W.2d
86, 90 (Tex. Crim. App. [Panel Op.] 1983); Hemphill v. State, No.
08-03-00054-CR, 2004 Tex. App. LEXIS 3028, at *11 (Tex. App.–El Paso Apr. 1,
2004, pet. ref’d) (not designated for publication).  To determine whether something is a deadly
weapon, the jury may consider all the surrounding facts, including the
defendant’s words, and whether the victim feared death or serious bodily
injury.  Hemphill, 2004
Tex. App. LEXIS, at *11.  The State does
not have to prove that the complainant actually sustained serious bodily
injuries.  Id., at
*11-12.  The State must only prove that
the hands were capable of causing serious bodily injury in the way they were
used or intended to be used.  Id.  Evidence that hands were used to choke or
strangle someone is sufficient to support a finding that the hands were deadly
weapons.  See Wesber v.
State, No. 11-03-00038-CR, 2004 Tex. App. LEXIS 3376, at *7 (Tex. App.–Eastland
2004, pet. ref’d) (not designated for publication); Judd v. State,
923 S.W.2d 135, 140 (Tex. App.–Fort Worth 1996, pet. ref’d).  Also, a foot can be found to be a deadly
weapon if, in the manner of its use or intended use, it is capable of  causing death or serious bodily injury.  Lane v. State, 151 S.W.3d 188,
191-92 (Tex. Crim. App. 2004). 

            The emergency room doctor testified
that the victim had numerous bruises, contusions, and cuts all over her body, some
so severe as to require stitches. 
Various other witnesses testified about the numerous physical injuries
and about the victim’s comments that she was in severe physical pain.  The victim testified that Appellant shot in
her direction and hit the wall beside her. 
Officers testified about removing the bullet from the wall, smeared with
her blood, where she was leaning when Appellant shot at her.  Further, there was testimony that Appellant
choked the victim into unconsciousness using his hands and that he beat the
victim for hours using an extension cord. 
His hands and the extension cord were described as being capable of
causing death or serious bodily injury in the manner of their use.  Appellant also hit the victim with a chair, a
vase, a belt buckle, and a belt.  There
was other evidence that Appellant threw objects at the victim, such as a weight
bench and an “Ab Cruncher” machine.  Such
objects could, in the manner of their use, 
also cause serious bodily injury or death.  The victim testified that she bled from her
many wounds, she lost consciousness several times, she had bruises and
lacerations all over her body, and she vomited during the beating. The victim
testified she did not think she would survive the beating. She testified that,
after twelve to thirteen hours of being beaten, she was so weakened that she
was unable to leave the house to escape. 
The victim testified that when she told Appellant he was going to kill
her by beating her so much, Appellant responded “I’m not going to kill you.  I’m just going to make you feel like you’re
damn near dead.”  The victim testified
that, as a result of the beating, she had severe, constant pain all over her
body.  She testified the pain was such
that she could not describe it and that it was the worst pain she had
experienced in her life.  The testimony
also showed that Appellant telephoned several people after the beating, who
testified that he apologized and was sorry for beating his wife.

            The jury heard the evidence and
found Appellant guilty of aggravated assault as charged in the indictment.  Further, the jury made a specific finding
that a deadly weapon was used.  Viewing
the evidence in the light most favorable to the jury’s verdict, we hold that,
based upon the plethora of evidence outlined above, the evidence is legally
sufficient to support the jury’s verdict that Appellant caused bodily injury to
his wife and used or exhibited a deadly weapon during the incident.

            In reviewing the factual sufficiency
of the evidence, we look at the evidence both in support of the jury’s verdict
and contrary to the jury’s verdict. Based upon our review of the record,
however, we are unable to conclude that any contrary evidence was
presented.  Therefore, after reviewing
the entire record in a neutral light, we hold the evidence is factually
sufficient to support the jury’s verdict. 
Having found the evidence both legally and factually sufficient to
support Appellant’s conviction of aggravated assault based on a finding of
bodily injury and the use or exhibition of a deadly weapon, we overrule
Appellant’s second issue. 

 

Conclusion

            Having held the evidence is
legally and factually sufficient to support Appellant’s conviction of
aggravated assault by causing bodily injury to his wife and using or exhibiting
a deadly weapon during the commission of the offense, we affirm the
judgment of the trial court.  Having
found sufficient evidence to support Appellant’s conviction on one of the
paragraphs of the indictment, we do not address his other two issues.  See Hernandez, 190
S.W.3d at 863 (conviction will be upheld when evidence is sufficient to support
finding of guilt under any one of theories submitted); see also Tex. R. App. P. 47.1.  

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] “The term ‘count’ is used to charge a separate offense; a paragraph is
a portion of a count and charges a method of committing an offense.”  Gonzales v. State, 191 S.W.3d
741, 747 n.2 (Tex. App.–Waco, 2006, no pet.); see also Tex. Code Crim. Proc. Ann. art. 21.24
(Vernon 1989).





[2] However, “contrary evidence does not have to outweigh evidence of
guilt; it has to be only enough to provide reasonable doubt.”  Zuniga v. State, 144 S.W.3d
477, 483 (Tex. Crim. App. 2004).