**Opinion filed June 6, 2013**



In The

# Eleventh Court of Appeals

———

## No. 11-11-00169-CR

———

## SONNY D. SILVAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,468**

## MEMORANDUM OPINION

The jury convicted Sonny D. Silvas of aggravated assault with a deadly weapon and assessed his punishment at confinement for a term of thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. The jury additionally assessed a fine of $10,000. In a single issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

Elvia Reyes testified that she had known Appellant for a long time and had dated him for several years. They moved into an apartment at the Peppertree Apartments. On October 4, 2009, Reyes and Appellant got into an argument. During the course of the argument, Appellant retrieved a metal pipe from the bathroom and swung it at Reyes's head. Reyes testified that the pipe would have hit her in the head if she had not ducked when he swung it. She further testified that Appellant's act of swinging the pipe at her head scared her "a lot." Lucy Aguirre, the manager of the apartment complex, subsequently observed Appellant dragging Reyes by her hair as Reyes attempted to leave the apartment. Aguirre also heard Appellant threaten to shoot Reyes's parents' house if she told anyone that he had hit her.

*Standard of Review*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the

record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

*Analysis*

The indictment alleged that Appellant intentionally and knowingly threatened Reyes by swinging a metal pipe at her head. The indictment further alleged that he used or exhibited a deadly weapon during the commission of the assault. On appeal, Appellant challenges the sufficiency of the evidence in two respects. He initially contends that there is no evidence of his intent to commit the charged offense. Appellant also asserts that there is no evidence that the metal pipe constituted a deadly weapon. We disagree.

A person commits an assault by threat if he intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2011). An assault by threat requires proof that one acts with intent to cause a reasonable apprehension of imminent bodily injury. *Garrett v. State*, 619 S.W.2d 172, 173 (Tex. Crim. App. 1981); *Torres v. State*, 905 S.W.2d 440 (Tex. App.—Fort Worth 1995, no pet.). A threat may be communicated by action or conduct as well as by words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984).

Appellant contends that the evidence of his intent is insufficient because it only came from Reyes and because her testimony was contradictory. As noted previously, we presume that the jury resolved any conflicts in the evidence in favor of the prosecution, and we defer to that determination in conducting our review of the evidence. Reyes testified that Appellant swung at her head with a metal pipe. Additionally, Reyes testified that she felt threatened by this violent act. Viewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have reasonably inferred that Appellant placed Reyes in

3

apprehension of imminent bodily injury. In this regard, the trier of fact may infer intent from the acts, words, and conduct of the defendant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).

An assault is elevated to an aggravated assault if the person uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). The Penal Code defines a deadly weapon as (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2012). Sergeant Chris Primeaux, a thirteen-year veteran of the Odessa Police Department, testified that the pipe was capable of causing serious bodily injury or death. Sergeant David Lara, another veteran Odessa police officer, also testified that the pipe could be used as a deadly weapon. This testimony constituted sufficient evidence to support the jury's determination that the pipe was a deadly weapon. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008) (Police officers may be considered experts in what is considered to be a deadly weapon.). Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

June 6, 2013                                                    JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4