**REFORM and AFFIRM; and Opinion Filed September 11, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01641-CR**

**No. 05-11-01642-CR**

**CHIUNG-YAU LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 429-81558-09 & 429-81559-09**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Appellant Chiung-Yau Lee appeals two convictions for aggravated assault with a deadly weapon. After finding appellant guilty of the offenses, the trial court assessed punishment at two years' confinement in each case. In two points of error, appellant contends (1) the evidence is insufficient to show she used or exhibited a deadly weapon in the commission of the offenses, and (2) the trial court erred in ordering her to pay attorney's fees for her court appointed counsel in one of the cases. For the following reasons, we affirm appellants' convictions in both cases, but reform the judgment in one case to delete the order that appellant pay court-appointed attorney's fees.

The grand jury indicted appellant for two offenses of aggravated assault. The alleged victims were appellant's elderly parents. At the time of the offenses, appellant was fifty-one

years old and had been living with her parents for about two years. While she was living with her parents, appellant would become angry at them when they told her that she needed to get a job. On the day of the offenses, appellant's mother, Chuang Ri, again told appellant she needed to get a job. After Chuang Ri was finished talking with appellant, she went to the game room to watch TV. As Chuang Ri walked away, appellant became angry, started shouting and banging around in the kitchen. Appellant woke her father, Shih, who got up immediately to hide the knives from appellant because she had threatened them in the past. However, appellant already had the knives and was beating the countertop with them. Shih went to the game room where his wife was, locked the door, and hid in the corner with this wife. The game room had a bar with an opening into the living room. Shih testified appellant threw a large cutting knife, a small paring knife, and scissors into the game room through the bar opening. Appellant was shouting when she did so, but Shih did not know what she was saying. Shih testified one knife landed near him, and he was afraid appellant might hurt him. Shih acknowledged appellant could not see them when she threw the knives. He said he did not think she was "aiming" at them, but she was aware they were in the game room.

Chuang Ri also testified that appellant threw the knives into the game room where she and Shih hid. Chuang Ri said appellant was yelling and said something that sounded like "kill." Chuang Ri was very frightened and thought appellant might kill her. She said she did not call police during the assault because the phone was out of reach and knives were "flying." The two knives appellant threw were admitted into evidence. One was a large butcher knife, the other a steak knife. Appellant threw one of the knives with such force that it damaged the floorboard.

Appellant testified in her own defense. She said at the time of the alleged offenses, she was working intermittently and living with her parents. One day, she was cutting up fruit when she saw her paycheck in the trash can. She became very upset, thinking her mother had thrown

the paycheck away. She tried to talk to her mother, but her mother ignored her. Appellant became increasingly upset and wanted to die. She said she "passed" her parents one knife asking them to just kill her. She denied throwing any knives or threatening her parents. After hearing the evidence, the trial court found appellant guilty of aggravated assault with a deadly weapon in both cases.

In her first point of error, appellant contends the evidence is legally insufficient to support her conviction because the State failed to prove she used a deadly weapon in the commission of the offenses. In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the factfinder to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*. 443 U.S. at 319. When the record supports conflicting inferences, we presume the jury resolved the conflicts in favor of the verdict and defer to that determination. *Id.* at 326.

A person commits an assault by threat if he intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2011). An assault by threat requires proof that the defendant acted with intent to cause a reasonable apprehension of imminent bodily injury. *Garrett v. State*, 619 S.W.2d 172, 173 (Tex. Crim. App. 1981); *Torres v. State*, 905 S.W.2d 440 (Tex. App.—Fort Worth 1995, no pet.). A threat may be communicated by action or conduct as well as by words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984). An assault is elevated to an aggravated assault if the person uses or

exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). A deadly weapon includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (West Supp. 2012). Objects used to threaten deadly force are in fact deadly weapons. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

The State presented evidence that appellant threw two knives into a room where her parents were hiding from her. When she did so, appellant was angry and shouting what sounded like "kill." Appellant's father testified that one knife landed near him. Appellant's mother said she was afraid appellant was going to kill her. One knife was a steak knife, the other a large butcher knife. Appellant threw one knife with such force that she damaged the wooden floorboard where it landed. We conclude a rational trier of fact could have found "the 'intended use' for the [knives] was that [they] be capable of causing death or serious bodily injury." *See id.* Therefore, the evidence is sufficient to show appellant used or exhibited a deadly weapon. *Id.* We overrule appellant's first point of error.

In her second point of error, appellant contends the trial court erred in ordering her to pay her court-appointed attorney's fees. She raises this point only in trial court cause number 429-81558-09. Appellant asserts it was error for the trial court to order her to pay her attorney's fees because she had been determined to be indigent, and the record does not establish any material change in her financial circumstances. We agree.

Once a trial court finds a defendant indigent, the defendant is presumed to remain indigent for the remainder of the proceeding unless a material change in the defendant's financial resources occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012); *Youkers v. State*, 400 S.W.3d 200, 212 (Tex. App.—Dallas 2013, pet. ref'd). The State concedes there is no evidence of any change in appellant's financial circumstances and agrees the judgment should be

reformed to delete the order that appellant pay her attorney's fees. Accordingly, we sustain appellant's second point of error, reform the judgment in trial court cause number 429-81558-09 to delete the order that she pay attorney's fees. We affirm appellants' convictions in both cases.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111641F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHIUNG-YAU LEE, Appellant

No. 05-11-01641-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-81558-09.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to **DELETE** the language "It is further ordered that the cost to Collin County for the payment of this defendant's court appointed attorney, if any, is taxed against this defendant as court cost. The District Clerk is granted leave to amend the court costs to reflect this amount without necessity of a further order."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of September, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHIUNG-YAU LEE, Appellant

No. 05-11-01642-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas

Trial Court Cause No. 429-81559-09.

Opinion delivered by Justice O'Neill.

Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of September, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE