

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00284-CR

FREDERICK JONES                                                                      APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Frederick Jones of intentionally causing the death of Azmi Elqutob by shooting him during a convenience-store robbery, and the trial court sentenced Jones to life imprisonment. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West 2013). In a single point on appeal, Jones argues that the record is devoid of evidence that he intentionally caused Elqutob's death. He does not challenge any other element of the offense.

---

[1]*See* Tex. R. App. P. 47.4.

The trial court admitted into evidence the convenience store's surveillance video, Jones's video-recorded police interview, and a video of Jones taken in jail, as well as four 9-millimeter bullet casings, projectiles, and fragments that were recovered from the convenience store. The Tarrant County chief medical examiner testified that Elqutob suffered fatal gunshot wounds to his right upper chest and left anterior flank, as well as some nonfatal gunshot wounds.

The surveillance video showed a black male wearing a bandanna over the lower part of his face and gloves on his hands. He charges into the store, draws his gun, and shoots Elqutob at point-blank range before running behind the counter, grabbing some money, and running out less than a minute later. In his video-recorded police interview, Jones admitted that he was the shooter and that he had suggested robbing the convenience store to his accomplices. Jones said that he did not remember how many times he had shot Elqutob and that he had shot Elqutob instead of just saying something to him because Jones's stutter made speaking difficult. On the jail video, Jones stated, "I'm not gonna be lying, I did kill the man."

A person acts intentionally when, with respect to the nature of his conduct or to a result of his conduct, it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2011). Intent is a fact question, and the jury may infer intent from any facts in evidence that it determines proves the existence of an intent to kill, such as the use of a deadly weapon. *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003),

2

*cert. denied*, 541 U.S. 938 (2004); *see also Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996) ("The jury may infer the intent to kill from the use of a deadly weapon unless it would not be reasonable to infer that death or serious bodily injury could result from the use of the weapon."), *cert. denied*, 522 U.S. 832 (1997); *Turner v. State*, Nos. 02-11-00070-CR, 02-11-00071-CR, 2013 WL 530972, at *1 (Tex. App.—Fort Worth Feb. 14, 2013, pet. ref'd) (mem. op., not designated for publication) (noting that a jury may infer intent from any facts that tend to prove its existence, including the acts, words, and conduct of the accused, the method of committing the crime, and the nature of wounds inflicted on the victims).

The record reflects that Jones used a firearm—a deadly weapon per se—during the robbery and that he shot Elqutob several times at close range. *See* Tex. Penal Code Ann. § 1.07(a)(17)(A) (West 2011); *Torres v. State*, 905 S.W.2d 440, 442 (Tex. App.—Fort Worth 1995, no pet.) (stating that a firearm qualifies as a deadly weapon per se). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have found beyond a reasonable doubt that Jones intended to kill Elqutob. *See* Tex. Penal Code Ann. §§ 1.07(a)(17)(A), 6.03(a); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Jones*, 944 S.W.2d at 647; *see also Medina v. State*, 7 S.W.3d 633, 637 (Tex. Crim. App. 1999) (holding that opening fire at close range supports the conclusion that appellant acted with specific intent to kill), *cert. denied*, 529 U.S. 1102 (2000);

3

*Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (same), *cert. denied*, 131 S. Ct. 156 (2010). Therefore, we overrule Jones's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J., and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 27, 2013